FILED
2007 NOV 29 PM 1:20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| INTERNATIONAL WOMEN'S DAY MARCH PLANNING COMMITTEE, an unincorporated association, and SAN ANTONIO FREE SPEECH COALITION, an unincorporated association,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN ANTONIO, PHIL HARDBERGER, in his Official Capacity as Mayor of the City of San Antonio; SHERYL L. SCULLEY, in her Official Capacity as City Manager of the City of San Antonio; and WILLIAM P. MCMANUS, in his Official Capacity as Chief of Police of the City of San Antonio,<br><br>    Defendants. | CIVIL ACTION NO.<br>SA07CA0971XR<br>Complaint for Declaratory and Injunctive Relief |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE:**

NOW COME the **International Women's Day March Committee** and the **San Antonio Free Speech Coalition,** Plaintiffs herein, and file this Original Complaint, praying relief from this Court. With this Complaint, Plaintiffs challenge, under 42 U.S.C. §1983, City of San Antonio Ordinances regarding marches and parades on public streets, including the Parade Ordinance enacted by the San Antonio City Council on November 29, 2007, as unconstitutionally burdening access to the streets, a traditional public forum, for expressive marches and parades, in violation of the right to free speech and equal protection under the First and Fourteenth Amendments to the United States Constitution. In support thereof, Plaintiffs allege and would show as follows:

## I. JURISDICTION AND VENUE

1. The United States District Court has jurisdiction in this case under 28 U.S.C. §§ 1331, 1367, 1988, 2201, 2202. Venue is proper in the United States District Court for the Western District of Texas under 28 U.S.C. §1391 because the acts and omissions at issue in this case occurred within the geographical boundaries of the District.

## II. PARTIES

PLAINTIFFS:

2. Plaintiff International Women's Day March Planning Committee is an unincorporated association formed in 1985 for the purpose of organizing a public march in San Antonio commemorating International Women's Day, an internationally recognized day honoring women around the world. International Women's Day has been observed around the world since the early 1900s. The International Women's Day March Planning Committee organized a march held in San Antonio in 1985 and an annual march held each year from 1992 on. On March 3, 2007, the Committee held its 17th International Women's Day March in San Antonio. The purpose of the International Women's Day March is to express solidarity with all women and to educate participants and the general public about issues affecting women in San Antonio and around the world. Service on the International Women's Day March Planning Committee may be achieved by service upon attorney Amy Kastely, at the Esperanza Peace & Justice Center, San Antonio, Texas 78212.

3. Plaintiff San Antonio Free Speech Coalition is an unincorporated association formed for the purpose of promoting and protecting free speech in San Antonio. Members of the Free Speech Coalition are organizations and individuals who have applied in the past and/or

intend to apply in the future for permits to march, parade, or race on the public streets in San Antonio for the purpose of raising public awareness of various political, social, economic, and environmental issues. Service upon the San Antonio Free Speech Coalition may be achieved by service upon attorney Amy Kastely, at the Esperanza Peace & Justice Center, San Antonio, Texas 78212.

DEFENDANTS:

4. Defendant City of San Antonio (hereinafter the "City") is a municipality and a "person" capable of acting under color of law. In all of the acts alleged herein, the City and its agents, including its governing body, the San Antonio City Council; the presiding officer of the City Council, Defendant Mayor Phil Hardberger; the ten individual Council Members; the Defendant City Manager Sheryl L. Sculley, and the acted under color of law, pursuant to a policy or practice of the City.

5. Defendant Phil Hardberger is the Mayor of the City of San Antonio and in his official capacity and because of his official status, he is a person capable of acting under color of law. Defendant Phil Hardberger is sued in his official capacity only and for injunctive relief only.

6. Defendant Sheryl L. Sculley is the City Manager of the City of San Antonio and in her official capacity and because of her official status, he is a person capable of acting under color of law. Defendant Sheryl L. Sculley is sued in her official capacity only and for injunctive relief only.

7. Defendant William P. McManus is the Chief of Police of the City of San Antonio and in his official capacity and because of his official status, he is a person capable of acting under color of law. Defendant William P. McManus is sued in his official capacity only and for

injunctive relief only.

8. Service of process on all City Defendants made be made by service on City Clerk Leticia M. Vacek, at City Hall, 100 Military Plaza, San Antonio, Texas 78205.

### III. FACTUAL ALLEGATIONS

9. One traditional and important public forum for free speech and associative expression in San Antonio is the public streets. Marches and parades in the public streets have long been a way for groups, particularly groups that lack governmental or institutional power and resources, to express their views and to inform other members of the public about issues of importance to our communities. To make access to public street marches available only to those with political influence or financial wealth is to profoundly limit freedom of speech and the quality of public debate in San Antonio.

10. On November 29, 2007, the San Antonio City Council adopted a new Ordinance regarding marches and parades on public streets in San Antonio. This Ordinance is entitled *"An Ordinance Repealing Article XII (Parades) and Article XIII (Run, Walk, and Cycling Events in Chapter 19 of the City Code; and Creating Article XVII (Parades, Runs, Walks And Related Events) in Chapter 19 of the City Code; and Providing for Certain Exemptions and Criminal Penalties for Violations; and Directing City Clerk to Publish Notice of this Ordinance as Required by the Charter of the City of San Antonio and the Laws of the State of Texas"* (hereinafter the "New Parade Ordinance").

11. The New Parade Ordinance requires organizers of public marches and other events planning to use the public streets to apply to the Defendant Chief of Police or his delegate for a "Procession Permit" (§19-631). This requirement does not apply to: "(1) funeral processions or escorts; (2) a governmental agency acting within the scope of its functions; (3) the

movement of persons in an orderly, formal manner from a point of origin to a point of termination on a sidewalk, so long as the movement does not impede the normal flow or regulation of pedestrian or vehicular traffic; or (4) a public assemblage that does not involve the movement of persons in an orderly, formal manner from a point of origin to a point of termination." (§19-632)  The fee for this permit is $75. (§19-633(F).

12. In addition, the New Parade Ordinance requires most permit holders to pay the costs for "(1) providing traffic control devices for the procession route in accordance with section 19-66 of this chapter; (2) providing traffic control personnel, whether on duty or on overtime, for the procession route; and (3) cleaning up the procession route." (§19-636(B)).  The amount of these costs is determined by the Chief of Police, who is granted broad discretion to determine costs "based on the proposed route, time of day, time of year, and anticipated number of individuals in the procession." (§19-636(B)).  Costs for events comparable to those organized by members of the Plaintiff San Antonio Free Speech Coalition in the past have ranged from approximately $1,000 to over $20,000.

13. The New Parade Ordinance defines "First Amendment Activity" as "all expressive and associative activity that is protected by the United States and Texas Constitutions, including speech, press, assembly, and the right to petition, but not including commercial advertising." (§19-630(6)).  The City will not charge "First Amendment events" for the first $2,000 of the cost of traffic control barriers and traffic control personnel. (§19-636(B)).  Based on past events, then, it is likely that street marches of a political nature will be charged between $1,000 and $18,000.  The New Parade Ordinance does not include any provision for waiver or reduction of these costs for groups without resources to pay these fees.

14. If the New Parade Ordinance is enforced against Plaintiff International Women's Day March

Committee and members of Plaintiff San Antonio Free Speech Coalition, they will be unable to afford access to the public streets, a traditionally important public forum. Moreover, mere passage of the New Parade Ordinance will significantly chill free speech efforts throughout San Antonio. The "free alternative" of a "sidewalk march" identified in the New Parade Ordinance is not a comparable alternative to a march in the public streets. Moreover, it is virtually impossible to conduct a "sidewalk march" without interviewing with pedestrian and vehicular traffic and sidewalk marches are dangerous, particularly for elderly or physically disabled individuals.

15. Certain marches and parades, which the New Parade Ordinance describes as having "broad appeal," will not be charged any of the costs of traffic control personnel and/or traffic control devices. These are the Diez y Seis Parade, organized by the Avenida Guadalupe Association; the Martin Luther King March, organized by the Martin Luther King, Jr. Memorial City-County Commission (which is not an official City Commission); and the Veterans Day Parade, organized by the United States Military Veterans Parade Association. In addition, City representatives have announced that the City intends to continue allowing the Cesar Chavez March, organized by the Cesar Chavez March Committee and the 60+ Mardi Gras Parade, organized by the 60+ Mardi Gras Committee access to the streets without cost. And, on information and belief, the City intends to allow free or reduced cost access to public streets for the Fiesta Flambeau Parade, organized by the Fiesta Flambeau Association and the San Antonio Commission (which is not an official City Commission); the Battle of the Roses Parade, organized by the Battle of the Roses Association; the King William Parade, organized by the King William Association; and the San Antonio Marathon, organized by the San Antonio Marathon Partnership, involving the San Antonio YMCA, the San Antonio

Road Runners, and the City of San Antonio.

16. Under San Antonio Ordinances existing prior to enactment of the New Parade Ordinance, no costs beyond the basic permit fee were to be charged for "parades of a political nature." *See* San Antonio City Code §19.440. All of the marches, parades, and races organized by members of the International Women's Day March Committee and the Members of the San Antonio Free Speech Coalition are "parades of a political nature."

## IV. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF: VIEWPOINT-BASED DISCRIMINATION IN VIOLATION OF FIRST AMENDMENT AND CIVIL RIGHTS ACT OF 1866

17. As alleged in detail in the Factual Allegations of this complaint, which are incorporated herein, the New Parade Ordinance, enacted by Defendant City, permits access to public streets on different terms based on the content of the message being conveyed by different marches, parades, and races, in violation of Plaintiffs' rights to freedom of speech under the First Amendment to the United States Constitution and 42 U.S.C. §1983.

### SECOND CLAIM FOR RELIEF: UNREASONABLE PRIOR RESTRAINT IN VIOLATION OF FIRST AMENDMENT AND CIVIL RIGHTS ACT OF 1866

18. As alleged in detail in the Factual Allegations of this Complaint, which are incorporated herein, the New Parade Ordinance, enacted by Defendant City, imposes unduly burdensome prior restraints on access to public streets for free speech marches, parades, and races such as those organized by members of the International Women's Day March Committee and the San Antonio Free Speech Coalition, in violation of Plaintiffs' rights to freedom of speech under the First Amendment to the United States Constitution and 42 U.S.C. §1983.

### THIRD CLAIM FOR RELIEF: UNREASONABLE PRIOR RESTRAINT IN VIOLATION OF FIRST AMENDMENT AND CIVIL RIGHTS ACT OF 1866

19. As alleged in detail in the Factual Allegations of this Complaint, which are incorporated herein, the New Parade Ordinance, enacted by Defendant City, grants unduly broad discretion to a city official, Defendant Chief of Police McManus, to determine the cost imposed on permit applicants desiring to exercise their free speech right to march on the public streets, in violation of Plaintiffs' rights to freedom of speech under the First Amendment to the United States Constitution and 42 U.S.C. §1983.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION AND CIVIL RIGHTS ACT OF 1866

20. As alleged in detail in the Factual Allegations of this complaint, which are incorporated herein, the New Parade Ordinance, enacted by Defendant City, distinguishes between permit applicants in the costs they will have to pay under a Procession Permit based on the content of their message and/or the degree of their political influence, and thus are without rational basis, in violation of Plaintiffs' rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

### V. PRAYER FOR RELIEF

21. Plaintiffs International Women's Day March Committee and the San Antonio Free Speech Coalition request this Court for relief in the following forms:

   A. That the Court declare that the New Parade Ordinance violates the First Amendment and Fourteenth Amendment rights of the Plaintiffs;

   B. That the Court issue a Permanent Injunction, enjoining Defendants City of San Antonio and Mayor Phil Hardberger, City Manager Sheryl Sculley, and Chief of Police William McManus, the City's agents and employees from enforcing or in any way implementing

the New Parade Ordinance;

C. That the Court award Plaintiffs their costs of suit and attorneys' fees under 42 U.S.C. §1988; and

D. That the Court order such other and further relief as the Court deems just and proper.


Respectfully Submitted,


Amy Kastely
Attorney for Plaintiffs International Women's Day March
    Committee and the San Antonio Free Speech Coalition
Texas Bar No. 24006638
922 San Pedro
San Antonio, TX 78212
(210) 228-0201